# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10-00520-CV-W-DGK |
| NICHOLAS D. BROWN and NATHAN M. BROWN, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER GRANTING MOTION TO DISMISS

This case is a declaratory judgment action brought by State Farm Fire and Casualty Company ("State Farm") against Nicholas D. Brown and Nathan M. Brown concerning a renter's insurance policy issued to Debra Brown. State Farm seeks a declaration of non-coverage for an incident that occurred on June 28, 2008, when Debra Brown shot Sonny D. Brown, the natural father of Nicholas and Nathan Brown. State Farm also seeks a declaration that it is not obligated to defend or indemnify Debra Brown against claims arising out of the incident that are currently pending in the Circuit Court of Johnson County, Missouri.

Currently before the Court is State Farm's Complaint for Declaratory Judgment (doc. 1), the Browns' Motion to Dismiss State Farm's Complaint for Declaratory Judgment (doc. 6), State Farm's Suggestions in Opposition to Defendants' Joint Motion to Dismiss State Farm's Complaint for Declaratory Judgment (doc. 7), and the Browns' Joint Reply Suggestions in Support of their Motion to Dismiss State Farm's Complaint for Declaratory Judgment (doc. 10).

Finding that declining jurisdiction will promote judicial economy and efficiency, the Court GRANTS the Browns' Motion to Dismiss State Farm's Complaint for Declaratory Judgment and DISMISSES the Complaint WITHOUT PREJUDICE.

**Factual Background**

On June 28, 2008, Debra Brown discharged a firearm resulting in the death of her husband, Sonny Brown, on July 2, 2008. The shooting occurred in Knob Noster, Johnson County, Missouri. Debra Brown was subsequently charged with second degree murder. At the time of the shooting, Debra Brown was insured by a State Farm renter's insurance policy ("the Policy").

On March 8, 2010, Sonny Browns' sons, Nicholas and Nathan Brown ("the Browns"), filed a civil suit in the Circuit Court of Johnson County, Missouri, alleging damages associated with their father's death. On May 21, 2010, State Farm filed this declaratory judgment action to determine whether the Policy covers the shooting and damages related to Sonny Brown's death. On June 2, 2010, the Circuit Court of Johnson County found that Debra Brown accidentally and negligently discharged a firearm which resulted in Sonny Brown's death and entered a judgment in favor of the Browns for $2.4 million.

On July 2, 2010, the Browns filed an equitable garnishment action, pursuant to Missouri Revised Statute § 379.20, against State Farm and Debra Brown in the Circuit Court of Johnson County, Missouri, to determine what coverage is available under the Policy and to obtain a judgment against State Farm for any applicable insurance coverage. On July 7, 2010, the Browns amended their Petition to include Barton Mutual Insurance Company ("Barton Mutual"), the excess insurance carrier for the Policy.

**Discussion**

I. **A federal district court has broad discretion to abstain from exercising jurisdiction in a declaratory judgment action when a parallel state court proceeding exists.**

In general, "a federal district court must exercise its jurisdiction over a claim unless there are 'exceptional circumstances' for not doing so." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 996 (8th Cir. 2005); *see Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800 (1976). However, in a declaratory judgment action where a parallel state court proceeding exists, "a federal court has broad discretion to abstain from exercising jurisdiction even if there are no exceptional circumstances . . . ." *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008). In exercising its discretion, a federal court may decline to adjudicate a declaratory judgment action even when the parallel state court proceeding was filed after the federal court declaratory judgment action. *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir. 2000) (holding the district court erred in maintaining jurisdiction because the state court proceeding was of the same "scope and nature" even though the state court action was filed six months after the declaratory judgment action was filed in federal court). Therefore, this Court is not required to exercise jurisdiction over the declaratory judgment action simply because State Farm filed this action in federal court more than one month before the Browns filed their equitable garnishment action in state court. *Am. Family Mut., Ins. Co., v. McAllister*, No. 09-00957-CV-W-FJG, 2010 WL 481293, at *2 (W.D. Mo. 2009) (holding it is immaterial which party filed first when declining jurisdiction promotes "judicial economy and efficiency"). Rather, concerns of "practicality and wise judicial administration" prevail in determining whether to exercise jurisdiction over a declaratory judgment action when a parallel action is pending in state court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

## II. A pending, parallel state court proceeding involving State Farm and the Browns encompasses the same insurance coverage dispute at issue in this case.

The threshold question in determining whether the Court should exercise jurisdiction over this declaratory judgment action is whether a parallel state court lawsuit is pending between the same parties. *Scottsdale*, 426 F.3d at 996. A parallel proceeding exists "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *see Wilton*, 515 U.S. at 289 (holding that federal courts should apply the *Brillhart* factors to determine whether to exercise jurisdiction over a declaratory judgment action when a parallel state court action exists).

In this case, a parallel state action exists because the Browns filed an equitable garnishment action against Debra Brown, State Farm, and Barton Mutual in the Circuit Court of Johnson County, Missouri. The Johnson County case is an equitable garnishment action on the State Farm insurance policy at issue here, and both cases will require a determination whether coverage is available to the Browns under the Policy. In addition, this dispute does not involve a federal question because the parties agree that Missouri law governs interpretation of the Policy's language. Therefore, a parallel state court proceeding exists.

## III. The state court is in the best position to settle the insurance coverage dispute between all parties in interest.

Once a federal court determines that a parallel state proceeding exists, the court "should ascertain whether the questions in controversy between the parties to the federal suit and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495. It may consider the scope of the state court proceeding, including "whether the claims of all parties in interest can satisfactorily be

adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding . . . ." *Id.*

The coverage dispute between the Browns and State Farm can satisfactorily be adjudicated in the equitable garnishment proceeding where the state court will interpret the Policy under Missouri law. All necessary parties have been joined in state court because Debra Brown, the judgment debtor and State Farm's insured, is a necessary party to the equitable garnishment proceeding and has been joined. Mo. Rev. Stat. § 379.200 (2010); *Prendergast v. Alliance Gen. Ins. Co.*, 921 F. Supp 653, 655 (E.D. Mo. 1996) (holding the clear language of Missouri Revised Statute § 379.200 requires that the plaintiff join the judgment debtor in an equitable garnishment action). Barton Mutual, the excess carrier for the Policy, has also been joined as a defendant in the Johnson County equitable garnishment proceeding. Therefore, all parties in interest are amenable to process and have been joined in the state court proceeding, which puts the state court in the best position to adjudicate the insurance coverage dispute and settle the rights and obligations between all parties involved.[1]

**IV.     The Court should decline to exercise its jurisdiction to hear this case.**

When a parallel state court action is pending, "the federal district court must dismiss the federal action because 'it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory action suit . . . .'" *Capitol Indem. Corp.*, 218 F.3d at 874 (citing *Brillhart*, 316 U.S. 491, 495). This Court finds a parallel state proceeding exists, namely the Johnson County equitable garnishment proceeding, and that the state court is in the best position

---

[1] All parties in interest have also been joined in a declaratory judgment action in St. Louis County concerning the Policy at issue in this case. On July 11, 2010, Barton Mutual filed a Petition for Declaratory Judgment in the Circuit Court of St. Louis County, seeking a declaration of non-coverage against Debra Brown, the Brown sons, and State Farm. State Farm filed a counter-claim against Barton Mutual and a cross-claim against the Browns, also seeking a declaration of non-coverage.

5

to interpret the Policy and resolve the disputes between all the parties in interest: the judgment creditors, the Browns; the judgment debtor, Debra Brown; and the insurance companies, State Farm and Barton Mutual. Therefore, to promote judicial economy and efficiency, and avoid potentially inconsistent interpretations of the Policy, this Court declines to adjudicate plaintiff's declaratory judgment action.

V. **The declaratory judgment action is dismissed without prejudice.**

This Court must now consider whether to dismiss or simply stay the federal action. When the basis for declining adjudication is the existence of a parallel state proceeding, "a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case . . . fails to resolve the matter in controversy." *Wilton*, 515 U.S. at 288 n.2. However, dismissal is appropriate where "the court can see no reason why this action should return to federal court." *Am. Family Mut., Ins. Co.*, 2010 WL 481293, at *3; *see Capitol Indem. Corp.*, 218 F.3d at 875 n.2. In determining whether to stay or dismiss a case, "a court should consider the 'scope of the state proceedings, the possibility of delay or procedural inadequacy in the state proceedings, the possibility that another federal action will be time-barred should the instant suit be dismissed, and any other appropriate factor.'" *Am. Family Mut., Ins. Co.*, 2010 WL 481293, at *3 (citing *U.S. v. City of Las Cruces*, 289 F.3d 1170, 1193 (10th Cir. 2002)).

The Court has considered the scope of the state court proceeding and has determined that the equitable garnishment action will adequately resolve the insurance coverage dispute between the parties. The Court does not anticipate issues of procedural inadequacy in state court and does not foresee any possibility that this action should return to federal court. Accordingly, dismissal is appropriate. *Fed. Ins. Co. v. Sprint Corp.*, 293 F. Supp. 2d 1245, 1248 (D. Kan. 2003) (holding

dismissal appropriate where the federal court did not anticipate delay or procedural inadequacy in the state court proceeding).

## Conclusion

For the foregoing reasons, Plaintiff's declaratory judgment action is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

DATE:  October 27, 2010         /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT